# Third District Court of Appeal

### State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0475
Lower Tribunal No. F12-8748

_____

**Wileme Baptiste,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Wileme Baptiste, in proper person.

John Guard, Acting Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LINDSEY, LOBREE, and BOKOR, JJ.

PER CURIAM.

Affirmed.

LINDSEY and BOKOR, JJ., concur.

LOBREE, J. (concurring in part and dissenting in part)

Wileme Baptiste appeals from the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, wherein he raised thirteen claims of ineffective assistance of trial counsel and cumulative error. I concur with the majority in affirming the summary denial of all claims other than grounds ten and eleven pertaining to counsel's failure to move for a mistrial after the jury reported a deadlock following an Allen[1] charge, and failure to object to and instead agreeing with the jury's continued deliberation. See Baptiste v. State, 306 So. 3d 306, 308-09 (Fla. 3d DCA 2020), approved, 324 So. 3d 453 (Fla. 2021). With respect to these claims, I would reverse and remand for an evidentiary hearing. See Johnson v. State, 382 So. 3d 22, 24 (Fla. 2d DCA 2024) ("Summarily denied claims are reviewed de novo, and we must accept [the defendant's] factual allegations to the extent that they are not refuted by the record."); Floyd v. State, 349 So. 3d 519, 520 (Fla. 5th DCA 2022) ("Generally, an evidentiary hearing is required before concluding that certain action or inaction by trial counsel was the result of a strategic decision." (citing Patrick v. State, 246

---

[1] Allen v. United States, 164 U.S. 492 (1896).

So. 3d 253, 264 (Fla. 2018))).